UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VIRGIN PULSE, INC.,

    Plaintiff,

    v.    Case No. 20-C-1691

SCHNEIDER ENTERPRISE RESOURCES, LLC,

    Defendant.

## ORDER TO SUPPLEMENT RECORD

This case is before the Court on cross motions for summary judgment. Unfortunately, the record does not set forth the facts needed to support a finding that federal jurisdiction exists. The Complaint alleges subject-matter jurisdiction based upon 28 U.S.C. § 1332. More specifically, the Complaint alleges that the plaintiff is a Delaware corporation with a business address in Providence, Rhode Island and that its citizenship is completely diverse from the defendant's. The defendant is alleged to be an LLC or limited liability company. The Complaint further alleges that the defendant LLC's parent is Schneider National, Inc., a Wisconsin corporation with a business address of 3101 South Packerland Drive, Green Bay, Wisconsin.

A corporation is deemed to be a citizen of every state by which it has been incorporated and of the state which it has its principal place of business. 28 U.S.C. § 1332(c)(1). The Seventh Circuit has held that limited liability companies are citizens of every state of which any member is a citizen. *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The Court assumes that the Complaint's allegation concerning VP was intended to mean that VP is a Delaware corporation and has its *principal place of business*, not merely a

business address, in Rhode Island. As for Schneider, the Court assumes that the allegations are intended to mean that the only member of the defendant LLC is Schneider National, Inc., and that Schneider National, Inc., is a Wisconsin corporation with its *principal* place of business, and not simply one of several business addresses, located in Green Bay. If the Court's assumptions are correct, federal jurisdiction under 28 U.S.C. § 1332 exists. But even if this is the intended meaning of the pleadings, there is no basis upon which the Court can determine on the record currently before it that such jurisdiction exists.

Federal jurisdiction cannot be conferred by stipulation of the parties. Yet, the only support offered for the proposed finding that VP is a Delaware corporation based in Providence, Rhode Island is a citation to the defendant's answer which admitted, based on information and belief, the Complaint's allegation that VP is a Delaware corporation with a business address in Providence, Rhode Island. Dkt. No. 32 at ¶ 2 (citing Dkt. No. 5 ¶ 2). There is no citation to any evidentiary materials, i.e., declarations, certified documents, etc., that could support the finding that VP is a Delaware corporation with its principal place of business in Rhode Island. The defendant's response to the Proposed Finding is that it is "undisputed for purposes of summary judgment only." *Id.* This is not a sufficient basis upon which to base a finding of VP's citizenship.

The record is even less clear as to defendant Schneider. Plaintiff's Proposed Finding of Fact states that "Schneider is a company based in Green Bay, Wisconsin," citing to the defendant's answer, upon information and belief, to the allegation in the Complaint. Dkt. No. 32 at ¶ 3. Again, the defendant's response is simply "undisputed for purposes of summary judgment only." *Id.* Even on its face, this assertion is insufficient to support a finding as to what state or states Schneider is a citizen. But the assertion also lacks any evidentiary support that would allow the

Court to determine the state or states where Schneider's citizenship may lie even if it did not fail on its face.

As noted, the parties have filed cross motions for summary judgment. Yet, unless the record provides an evidentiary basis for the Court to conclude subject matter jurisdiction exists, the Court would have no choice but to dismiss the action. *See, e.g.*, *Bellevue Catering*, 350 F.3d at 694; *Johnson v. Nat'l Asset Advisors, LLC*, 772 F. App'x. 328 (7th Cir. 2019). To avoid the waste of time and resources that would result from such a dismissal, the parties will be given the opportunity to supplement the record to establish the facts needed to support their assertion that federal jurisdiction exists under § 1332. Their attention is directed to Fed. R. Civ. P. 56(c). The supplementation should be completed no later than September 15, 2022. Failure to do so may result in dismissal of the action for lack of jurisdiction.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of August, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge